# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DWAYNE SMITH, | No. CIV S-08-1394-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| IGI LIASON UNIT INVESTIGATOR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to having a United States Magistrate Judge conduct all proceedings in this case (Doc. 6). Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

In his complaint, petitioner alleges that officers at High Desert State Prison are threatening him, spitting and putting foreign substances in his food, and throwing his mail away. He also makes allegations relating to some retaliation he has experienced from different officers.

## II.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff has not named a single defendant by name.  The only defendants named in his complaint are "IGI Liason Unit Investigator, Z Unit Ad Seg Housing Unit Officer's and Staff Member" [sic].  He does not link any specific individual to the acts he is alleging. Plaintiff's complaint can best be described as naming several DOE defendants.  The court cannot order service of process upon fictitious defendants.  See Federal Rule of Civil Procedure 4. Plaintiff claims he is unable to ascertain the names of the officers involved in the actions he complains about.  However, until at least one defendant's identity can be obtained, no summons can issue and no service of process can be accomplished.  If plaintiff is able to discover at least one individual involved in the claims, service could be authorized against that individual (assuming plaintiff alleges facts sufficient to state a claim).  It might then be possible for plaintiff to utilize discovery procedures to discover the names of the other unknown defendants. However, he cannot proceed against only DOE defendants.

Plaintiff has requested that he be allowed to name the defendants by their job titles.  However, the court is unable to authorize plaintiff to proceed without being able to affirmatively identify the defendants.  The court cannot issue a summons to an unknown defendant, even if his job title is known.  Therefore, plaintiff's request will be denied.

### III.  TEMPORARY RESTRAINING ORDER

Plaintiff has also filed a motion for a temporary restraining order (Doc. 19).  In this motion, plaintiff explains that he has been transferred from High Desert State Prison (HDSP) to California Correctional Institution (CCI) in Tehachapi.  However, he claims that the individuals who were bothering him at HDSP have transferred with him to CCI.  He is requesting the court grant his motion to restrain the defendants' actions before they cause him additional injury.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the

moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

       The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to a full hearing. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

       Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

Plaintiff's motion for a temporary restraining order suffers from the same defect as his complaint. He fails to identify the individuals whom he wishes the court to restrain. The court is unable to issue an order to restrain the actions of an unknown individual(s). Therefore, plaintiff's motion must be denied. However, this denial will be without prejudice to renewal once plaintiff has identified the individuals whose actions he alleges should be restrained.

### IV.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must name the individuals involved, must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at

1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with the requirement of Rule 8 that a complaint contain a short and plain statement of the claim may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. 1) is dismissed with leave to amend;
2. Plaintiff's motion for a temporary restraining order (Doc. 19) is denied;
3. Plaintiff's request to name the defendants by job title (Doc. 21) is denied; and
4. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: October 28, 2008

                                                                              **CRAIG M. KELLISON**
                                                                              UNITED STATES MAGISTRATE JUDGE